NUMBER 13-09-537-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

IN THE MATTER OF
O.D.L., A JUVENILE

                                                                                                                     
  

 

On appeal from the
Juvenile Court 

of Victoria County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Justices
Rodriguez, Benavides, and Vela  

Memorandum Opinion by
Justice Vela

                                                                                                                                    

Appellant O.D.L., a juvenile, was
convicted of aggravated sexual assault on June 4, 2007.  He was committed to
the Texas Youth Commission under a determinate sentence for a period of seven
years.  After O.D.L. reached the age of eighteen, the State sought to transfer
him to the Institutional Division of the Texas Department of Criminal Justice
for the completion of his determinate sentence.  The trial court held a
hearing, taking into consideration the evidence that was before it at the time,
which included a psychological evaluation and the recommendation of the
individuals who had worked with O.D.L. while he was at the Texas Youth
Commission.  The trial court transferred O.D.L. to the custody of the Texas
Department of Criminal Justice-Institutional Division for completion of his
seven-year sentence.  We affirm.

I. Anders Brief

O.D.L. was originally represented by
Lawrence Elliott who filed an Anders brief and a motion to withdraw as
counsel.  See Anders v. California, 386 U.S. 738, 744 (1967). 
Elliott died during the pendency of the appeal.  The case was abated, and Luis
Martinez was then appointed as new counsel for O.D.L.  Martinez has also
informed this Court that he believes the appeal is frivolous and has likewise
filed a motion to withdraw as counsel. 








In re D.A.S., 973
S.W.2d 296, 298 (Tex. 1998) (orig. proceeding), applied the  procedures
enumerated in Anders to juvenile matters, noting that A[a]lthough
juvenile cases are classified as civil proceedings, they are quasi-criminal in
nature.@ 
Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), O.D.L.=s
first court‑appointed appellate counsel has filed a brief and a motion to
withdraw with this Court, stating that his review of the record yielded no
grounds of error upon which an appeal can be predicated.  Counsel=s
brief meets the requirements of Anders as it presents a professional
evaluation demonstrating why there are no arguable grounds to advance on
appeal.  See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App.
2008) (AIn
Texas, an Anders brief need not specifically advance >arguable=
points of error if counsel finds none, but it must provide record references to
the facts and procedural history and set out pertinent legal authorities.@)
(citing Hawkins v. State, 112 S.W.3d 340, 343‑44 (Tex. App.BCorpus
Christi 2003, no pet.)); Stafford v. State, 813 S.W.2d 503, 510 n.3
(Tex. Crim. App. 1991).  O.D.L.=s second appointed counsel concurs
with the original brief filed that there are no arguable bases for appeal.  

In compliance with High v. State,
573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), O.D.L.=s first-appointed
counsel carefully discussed why, under controlling authority, there are no
errors in the trial court=s judgment.  Each counsel has
informed this Court that he has:  (1) examined the record and found no arguable
grounds to advance on appeal, (2) served a copy of the brief and counsel=s
motion to withdraw on O.D.L., and (3) informed O.D.L. of his right to review
the record and to file a pro se response.[1]
 See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see
also In re Schulman, 252 S.W.3d at 409 n.23.  More than an adequate period
of time has passed, and O.D.L. has not filed a pro se response.  See In re
Schulman, 252 S.W.3d at 409.

II. Independent Review

Upon receiving an Anders brief,
we must conduct a full examination of all the proceedings to determine whether
the case is wholly frivolous.  Penson v. Ohio, 488 U.S. 75, 80 (1988). 
We have reviewed the entire record and counsel=s
brief and have found nothing that would arguably support an appeal.  See
Bledsoe v. State, 178 S.W.3d 824, 826‑28 (Tex. Crim. App. 2005) (ADue
to the nature of Anders briefs, by indicating in the opinion that it
considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of
Texas Rule of Appellate Procedure 47.1.@); Stafford,
813 S.W.2d at 509.  Accordingly, we affirm the judgment of the trial court.

III. Motion to Withdraw

In accordance with Anders, O.D.L.=s
attorney has asked this Court for permission to withdraw as counsel for
appellant.  See Anders, 386 U.S. at 744; see also In re Schulman,
252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779‑80
(Tex. App.BDallas 1995, no pet.) (noting that A[i]f
an attorney believes the appeal is frivolous, he must withdraw from
representing the appellant.  To withdraw from representation, the appointed
attorney must file a motion to withdraw accompanied by a brief showing the
appellate court that the appeal is frivolous@)
(citations omitted)).  We grant appellant=s
second-appointed counsel=s motion to withdraw.[2] 
Within five days of the date of this Court=s
opinion, counsel is ordered to send a copy of the opinion and judgment to
O.D.L. and to advise him of his right to file a petition for review in the
Texas Supreme Court.[3] 
See Tex. R. App. P. 48.4; see
also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens, 206
S.W.3d 670, 673 (Tex. Crim. App. 2006). 

 

 

                                                                        ROSE
VELA

                                                                                    Justice

 

Delivered and filed
the 

21st day of December,
2010.









[1]The Texas Court of Criminal Appeals has held that Athe pro se response need not comply with the rules of appellate
procedure in order to be considered.  Rather, the response should identify for
the court those issues which the indigent appellant believes the court should
consider in deciding whether the case presents any meritorious issues.@  In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App.
2008) (quoting Wilson v. State, 955 S.W.2d 693, 696‑97 (Tex. App.BWaco 1997, no pet.)).





[2]We dismiss Lawrence Elliott=s motion to withdraw as moot.  





[3]No substitute counsel will be
appointed.  Should O.D.L. wish to seek further review of this case, he must
either retain an attorney to file a petition for review or file a pro se
petition for review.  Within five days of the date of this Court's opinion,
counsel is ordered to send a copy of the opinion and judgment to appellant and
to advise appellant of his right to file a petition for further review.  See
Tex. Fam. Code Ann. ' 56.01(a) (Vernon Supp. 2010); see also Tex. R. App. P. 48.4 (requiring, in
criminal cases, the attorney representing a defendant on appeal to send the
client a copy of the court of appeals' opinion and judgment within five days); see
also In re Schulman, 252 S.W.3d at 412 n. 35; Ex parte Owens, 206
S.W.3d 670, 673 (Tex. Crim. App. 2006).